UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00174-MR

| | |
|---|---|
| RUSTY RYAN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU BOWMAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Rusty Ryan Anderson ("Plaintiff") filed this action on July 10, 2023, pursuant to 42 U.S.C. § 1983, against Defendant FNU Bowman, identified as a mental healthcare provider at Cleveland County Detention Center (the "Jail") in Shelby, North Carolina, based on events allegedly occurring while he was detained at the Jail.[1] [Doc. 1]. Plaintiff

---

[1] Plaintiff does not specify the capacity in which he purports to sue Defendant Bowman in this matter. Because Plaintiff does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation, the Court will only consider whether Plaintiff stated an individual capacity claim.

alleges as follows. Plaintiff was arrested on July 21, 2021. On his detention at Jail, he "made known" his need for certain prescription mental health medication. [Id. at 3]. The next day Plaintiff was seen by Defendant Bowman, the Jail's mental healthcare provider. Plaintiff told Defendant Bowman that he is "facing 3 life sentences" and "made [Defendant] aware of [Plaintiff's] need for mental health medication." [Id. at 4]. Defendant Bowman claimed he was unable to administer medications and, instead, "placed [Plaintiff] in a turtle suit and put [him] on suicide watch in solitary confinement." [Id.]. Plaintiff was able to have his girlfriend bring his medication to the Jail so that he could receive it as prescribed. [Id.].

Plaintiff claims "medical deliberate indifference." [Doc. 1 at 3]. For injuries, Plaintiff claims he has "suffered mentally and emotionally" because of Defendant's actions. [Id.]. Plaintiff seeks monetary relief. [Id. at 6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff purports to raise a claim for "medical deliberate indifference," which the Court will construe as Fourteenth Amendment claim for deliberate indifference to a serious medical need.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[2] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the detainee. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to

---

[2] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021) (declining to decide whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a deliberate indifference claim against Defendant Bowman.  Plaintiff does not allege what serious medical or mental health need Defendant Bowman allegedly failed to treat or that Defendant Bowman was subjectively aware of a substantial risk of injury to the Plaintiff.  Rather, the allegations suggest that Defendant was concerned about Plaintiff's mental state and ordered that he be placed on suicide precautions. Also, while Plaintiff's allegations suggest that Defendant Bowman's treatment of Plaintiff may have been excessive, they do not, without more, suggest that it was so grossly excessive as to "shock the conscience or to be intolerable to fundamental fairness."  Miltier, 896 F.2d at 851.  As such, the Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's Complaint will be dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment.  Any Amended

Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

Signed: August 14, 2023

Martin Reidinger
Chief United States District Judge